# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL TOUNGET,<br><br>Plaintiff,<br><br>vs.<br><br>VALLEY-WIDE RECREATION AND PARK DISTRICT,<br><br>Defendant. | Case No.: **5:16-cv-00088-JGB-KK**<br><br>*Hon. Jesus G. Bernal*<br><br>**[~~PROPOSED~~] ORDER RE: JOINT STIPULATION AND REQUEST OF THE PARTIES FOR ENTRY OF PROTECTIVE ORDER** |

Pursuant to the stipulation of the Parties, and for good cause shown, this Court enters the following Protective Order in the above-captioned action:

## **TERMS**

1. **Applicability:** Notwithstanding any other provision of this Order, the terms of this Order do not apply to the court and court personnel, who are subject only to the court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal.

2. **Definition of Confidential Records:** Confidential Records are defined as Plaintiff's medical records, which are identified as documents produced by Plaintiff, Bates stamp numbers CT-012422 – 013354, and any additional medical records or records of a medical nature and/or pertaining to Plaintiff's medical conditions and/or treatment, obtained by either Party pursuant to subpoena or otherwise.

3. **Disclosure of Confidential Records:** Confidential Records shall be disclosed only to the following individuals and/or entities, who are collectively referred to as "**Approved Persons**":

   a. Plaintiff's counsel of record in the above-captioned litigation, including office staff of such counsel;
   b. Defendant's counsel of record in the above-captioned litigation, including office staff of such counsel;
   c. The Court, its staff, and its officers;
   d. Court reporters and/or videographers at depositions, Court hearings, or other proceedings in connection with this litigation;
   e. Mediators who may be engaged by the Parties;
   f. Persons engaged by either Party's counsel of record to assist them in the preparation of this litigation, including experts and consultants (whether retained or not retained) and their staff;
   g. A witness at deposition, hearing, trial or other proceeding in this

litigation;

  h. Persons, not described herein, who are later agreed upon by the Parties, through their counsel to be an Approved Person. If a party does not agree to include a person in the Approved Persons list, any other party may request the court for permission to include said person as an Approved Person.

  4. **Use of Confidential Records and Duration of Order:** Disclosure of the Confidential Records to Approved Persons shall be solely for the purpose of preparing for and conducting the above-captioned litigation, including trial and appeal, if any, and shall not be used in any other civil action or for any other purpose whatsoever, except as may be ordered by this Court or where there is an express written agreement between the parties to the contrary.

  Prior to the disclosure of the Confidential Records to any Approved Persons, the recipient shall be made aware of this Stipulation and Order.

  Any use of Confidential Records at trial or other court hearings or proceedings shall be governed by the orders of the trial judge.

  Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena or court order issued in another action.

  After final termination of this litigation (via settlement, final judgment after expiration of all appeals, or otherwise), Defendant's counsel will either return or destroy the Confidential Records (except for pleadings or other documents filed with the court, correspondence, deposition transcripts and exhibits, and/or the work product of counsel for parties to this Action which incorporate the Confidential Records.)

  5. **Disputes Regarding Designation of Confidentiality:** Any party to this litigation may at any time notify the other party hereto in writing or upon the record of the deposition or hearing of its objection that a portion or all of the material/information previously designated as "Confidential Records" is not

entitled to such protection under the terms of this Stipulation and Order.

The parties shall first attempt, in good faith, to resolve such dispute by means of informal negotiation. If such negotiation fails to resolve the dispute, then, within thirty (30) calendar days following the failure of such negotiations, or in the case of a deposition, within thirty (30) calendar days after receiving a copy of the transcript excerpt wherein the objection was made, the party challenging the designation of particular information as Confidential Information may file a motion for an order terminating the designation. Any motion challenging a party's designation of Confidential Records or seeking to enforce, modify or amend this Order must be brought in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement) and within any applicable deadlines set forth in the court's Scheduling Order(s). The prevailing party in any motion related to this Stipulation and Order shall be entitled to its reasonable attorneys' fees, litigation expenses, and costs.

Nothing in this paragraph shall alter the burden of proof on such motion, ~~which will be determined by applicable California law.~~ Material/information designated as "Confidential Records" shall retain its Confidential Information status until such time as either the parties expressly agree otherwise in writing or the Court orders otherwise.

6. **Filing Under Seal:** A party that seeks to file under seal any Confidential Records must comply with Civil Local Rule 79-5. Confidential Records may be filed under seal only pursuant to a court order authorizing the sealing of the specific Confidential Records at issue. If a party's request to file Confidential Records under seal is denied by the court, either party may file the Confidential Records in the public record, unless otherwise instructed by the court.

7. The Parties retain all rights to apply to the Court for an order modifying this Stipulation and Order or seeking further protection on this or other issues, and this Stipulation and Order shall not be construed to preclude a party

1 | from applying for or obtaining such further protection.

**IT IS SO ORDERED.**

Dated: April 19, 2018

_____
Hon. Kenly Kiya Kato
U.S. Magistrate Judge